1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ROBERT W. CABELL,

Case No. C13-449 RSM

Plaintiff,

10

v.

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT ZORRO
PRODUCTIONS, INC.'S MOTION FOR A
PROTECTIVE ORDER**

11

ZORRO PRODUCTIONS, INC. and JOHN
GERTZ,

12

13

Defendants.

14

15

## I.   Introduction

16

THIS MATTER comes before the Court on defendant Zorro Productions Inc.'s Motion for a

17

Protective Order limiting the scope of Plaintiff's jurisdictional discovery. Dkt. #32. Zorro Productions

18

Inc. ("ZPI") seeks an order forbidding inquiry into matters sought by Plaintiff Robert W. Cabell in his

19

July 17, 2013 subpoena to five non-parties. In the alternative, Defendant ZPI asks for a two-tiered

20

protective order allowing parties and third parties to designate highly confidential material "Attorney's

21

Eyes Only." For the reasons set forth below, the Court GRANTS Defendant's protective order in part.

22

## II.  Background

23

Plaintiff Robert W. Cabell ("Cabell") brought this suit against Defendants Zorro Productions,

24

Inc. and its president John Gertz as well as former defendant Stage Entertainment Licensed Productions

25

("SELP") in this dispute over intellectual property rights to the well-known fictional character "Zorro."

26

Defendant ZPI claims to be the worldwide proprietor of the trademark "Zorro" and to own numerous copyrights pertaining to "Zorro." ZPI characterizes itself as "in the business of… securing and owning various copyrights and trademarks pertaining to Zorro and licensing these rights for use in various works…". Dkt. # 32, p. 2. In 1996, plaintiff authored the musical "Z – the Musical of Zorro" based on what he asserts had become public domain works. Dkt. # 1, p. 2. Plaintiff initiated this litigation on March 13, 2013, after ZPI allegedly threatened licensees of Mr. Cabell's musical with legal action for trademark and copyright infringement. Dkt. # 1, p. 2. Specifically, Mr. Cabell alleges that in February 2013, Defendants sent a letter and email to the Director of the Clingenburg Festspiele in Germany, which had agreed to produce Mr. Cabell's musical, threatening the Festival with legal action if it went forward with the production. Dkt. # 1, p. 10. In his First Amended Complaint, Mr. Cabell further alleges that ZPI sent a similar letter to another German production company after initiation of this suit. Dkt. # 8, p. 12. Mr. Cabell also claims that Defendants' musical "Zorro," as well as the book by author Isabel Allende upon which it was based, violate Plaintiff's copyrights in the original material in his musical. Dkt. # 8, p. 13. Plaintiff has moved for declaratory judgment of non-infringement, injunctive relief, cancellation of ZPI's federal trademark registrations, and monetary damages. Dkt. # 8.

On May 16, 2013, Defendants ZPI and John Gertz (collectively "ZPI defendants") filed a motion to dismiss Mr. Cabell's amended complaint on various grounds, including under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Upon Plaintiff's Motion for Leave to Engage in Jurisdictional Discovery (Dkt. # 23), ZPI defendants agreed that Cabell could propound limited discovery regarding their contacts with Washington, though they did not reach agreement as to the scope of discovery and appropriate protective orders. On June 21, 2013, the Court entered an order on the stipulation of the parties entitling Cabell to conduct personal jurisdictional discovery "in order to respond to the Motion to Dismiss filed by the ZPI defendants" for 90 days from entry of the order.  Dkt. # 28. On July 17, 2013, Plaintiff issued subpoenas to five non-parties: Isabel Allende ("Allende"), Warner Bros. Entertainment, Inc. ("Warner Bros."), 21st Century Fox ("Fox"), Sony Pictures Entertainment ("Sony"), and Allied Artists International ("Allied"). Those subpoenas, which are the subject of the instant motion, demand broad production of agreements and sales by the subpoenaed parties relating to the

character Zorro, including: all contracts and agreements between ZPI and the defendants, all contracts relating to use of or distribution of goods or services incorporating intellectual property relating to Zorro, and total annual sales both overall and in Washington since January 1, 2000 from any product or service incorporating Zorro.  The non-parties separately responded to the subpoenas with similar objections, including that "the requests are harassing, overly burdensome, and seek to impose unnecessary and undue expenses" on the subpoenaed parties, and that the requests "seek documents and information that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." Dkt. # 35-6, pp. 22, 41. On July 31, 2013, Defendant ZPI filed the instant motion for a protective order. Dkt. # 32. On Sept. 18, 2013, the Court entered an order on stipulation of the parties allowing Plaintiff an additional 29 days, until October 18, 2013, to conduct jurisdictional discovery. Dkt. # 50.

### III. Analysis

#### A.  Legal Standard

While the Federal Rules of Civil Procedure allow for broad discovery, the scope of discovery is not unlimited. Fed. R. Civ. P. 26(b)(1) constrains parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claims or defense." *See Shoen v. Schoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). In assessing the relevancy of information for the purposes of discovery, the presiding court examines whether the information sought is "reasonably calculated to lead to the discovery of admissible evidence." *Bite Tech, Inc. v. X2 Impact, Inc.*, 2013 WL 195598 (W.D. Wash. 2013)(quoting *Survivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)). General limitations on discovery "apply with equal force" to subpoenas to non-parties as they do to parties. *Simplex Mfg.Co. v. Chien*, 2012 WL 3779629, at *1 (W.D. Wash. 2012).

Districts courts have broad discretion to determine the scope of discovery. *Id.*; *Hallet v. Morgan*, 296 F.3d 732, 750; *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009)("The decision to issue a protective order rests within the sound discretion of the trial court."). The Court in which the action is pending has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The

presiding court is in this best position to determine the underlying discovery dispute. *Pure Fishing, Inc. v. Redwing Tackle, Ltd.*, 2012 WL 1133384, at *2 (W.D.Wash. 2012). While information sought during pre-trial discovery is presumptively open to the public, a party seeking a protective order may override this presumption by demonstrating "good cause." *Phillips ex. Rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). To do so, the moving party bears the burden of showing that "specific prejudice or harm will result if no protective order is granted." *Id.* at 1210. *See also*, *Seiter*, 2009 WL 2461000, at * 1 (explaining that "the moving party must make a clear showing of a particular and specific need for the order."). Where protective order disputes involve conflicting interests, the Court balances the needs of the party seeking disclosures against the risk of injury that may result if the requested discovery is permitted. *See Brown Bag Software v. Symantec Corp*, 960 F.2d 1465, 1469-70 (9th Cir. 2002); *Bite Tech, Inc. v. X2 Impact, Inc.*, 2013 WL 195598, at *2.

Although typically only the recipient of a subpoena has standing to assert objections, "[a] party has standing to challenge a subpoena issued to third parties where its own interests may be implicated." *Johnson v. Bancorp*, 2012 WL 6726523, at *2 (W.D. Wash. 2012). Fed. R. Civ. P. 26(c)(1) permits a party to seek a protective order from the presiding court in order to restrict the party seeking discovery from pursuing certain requests on third parties. *Bite Tech, Inc. v. X2 Impact, Inc.*, 2013 WL 195598, at *4. *See also*, *Beckor v. Precor, Inc.*, 2009 WL 3013656, at *4 (W. D. Wash. 2009) (interpreting Fed.R.Civ.P. 26(c)(1) to permit "'any party' to seek a protective order from the presiding court."). Such restrictions may include "forbidding inquiry into certain matters," "designating the persons who may be present when discovery is conducted," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(1)(A)-(H).  The Court finds that because the subpoenas seek confidential information implicating ZPI's privacy interests and bear on ZPI's business relationships with its licensees, ZPI has standing to bring this motion.

## B.  Permissible Scope of Inquiries

Defendant ZPI first argues that the subpoenas to non-parties at issue in this motion are overly broad and "seek information that is far beyond the scope of discovery contemplated by the Court's June 21, 2013 Order." Dkt. # 32, p. 9. ZPI asserts that much of the information sought is unrelated to ZPI's

1  contacts with Washington, to which Plaintiff's jurisdictional discovery is necessarily limited. In

2  particular, ZPI questions the relevance of inquires into nationwide sales data, ZPI's licensing

3  agreements with third-parties governing nationwide sales, and Zorro-related distribution agreements

4  between the third-parties and other non-parties. ZPI further asserts that plaintiff's requests for

5  information on sales in Washington are unrelated to personal jurisdiction over ZPI, which allegedly

6  does not itself distribute or sell in Washington. In response, Plaintiff contends that licensing agreements

7  are relevant to the extent that they establish ZPI's control over the activities of licensees that take place

8  in Washington. Plaintiff also contends that nationwide sales data is relevant as ZPI's licensees may not

9  have sales data specific to Washington. Dkt. # 35, p. 7.

10     Plaintiff at this stage of the proceedings is entitled to conduct jurisdictional discovery to the extent

11  that it is "precisely focused discovery aimed at addressing matters relating to personal jurisdiction."

12  *U.S. ex rel Barko v. Haliburton Co.*, 270 F.R.D. 26, 28 (D.D.C. 2010)(quoting *GTE New Media Servs.*

13  *Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1352 (D.C.Cir. 2000)). Personal jurisdiction in a forum state is

14  proper where a defendant has "minimum contacts" with the State of Washington and the exercise of

15  jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe*

16  *Co. v. Washington*, 326 U.S. 310, 315 (1945).  In order to defeat Defendant's Motion for Summary

17  Judgment, plaintiff must make a prima facie showing that it has either "general jurisdiction" by virtue

18  of its "continuous and systematic" contacts with the forum state or "specific jurisdiction." Courts in this

19  circuit evaluate the latter using a three-prong test, according to which: 1) the non-resident defendant

20  must purposefully direct activities to the forum state; 2) the claim must arise out of or relate to the

21  defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and

22  substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004). The Court

23  finds that Plaintiff must, at this stage of the proceedings, constrain his inquiries to facts that are relevant

24  to establishing either general or specific jurisdiction according to these standards.

25     The Court is not persuaded that broad inquiries into nationwide sales data and licensing and

26  distribution agreements unrelated to sales of products and services in Washington are relevant to a

   showing of personal jurisdiction. Plaintiff mistakenly relies on *Breckenridge Pharmaceuticals Inc. v.*

ORDER ON ZORRO PRODUCTIONS, INC.'S MOTION FOR A PROTECTIVE ORDER - 5

*Metabolite Laboratories, Inc.*, 444 F.3d 1356 (Fed. Cir. 2006) for the proposition that ZPI may be subject to personal jurisdiction in Washington where its licensing agreements with non-parties provide that ZPI exercises control over licensee's sales agreement, require ZPI to litigate infringement claims, or require ZPI to indemnify its licensee for third-party infringement claims. Dkt. # 35, p. 7. Unlike *Breckenridge*, the present case does not concern patent claims and thus Federal Circuit precedent does not control. *See, e.g.*, *KGM Industries Co., Inc. v. Harel*, 2012 WL 5363328 (C.D. Cal. 2012)(explaining that Federal Circuit law determines the exercise of personal jurisdiction for patent cases). Moreover, the *Breckenridge* court found examination of license agreements appropriate to establishing specific jurisdiction where the licensee was the defendant's exclusive licensee in the forum state and where the defendant's infringing activity had been directed to the forum state. *Breckendrige*, 444 F.3d 1356, at 1366. With regard to establishing specific jurisdiction, the Ninth Circuit's three-prong test similarly limits plaintiff to discovery directed at the relationship between the forum state and plaintiff's claims. *Holland Ameica Line Inc. v. Warsila North America, Inc.*, 485 F.3d 450, 460 (9th cir. 2007) ("Unlike general jurisdiction, specific jurisdiction is tethered to a relationship between the forum and the claim."). Plaintiff's inquiry into the placement by non-parties of Zorro-related products and services into the general stream of commerce is of marginal relevance to the establishment of personal jurisdiction. *Holland American Line*, 485 F.2d at 459 (2007)(finding evidence of sales of product's by defendant that "ended up in Washington" insufficient to establish personal jurisdiction as "[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state.").

   The Court finds that balance of benefits and burdens favors granting ZPI's motion for protective order with respect to those parts of the non-party subpoenas that do not pertain to the relationship between ZPI and the subpoenaed party or to contact between ZPI or the subpoenaed party and the State of Washington. Requiring subpoenaed parties to produce all contracts, agreements and sales data related in any way to "Zorro" would be extremely costly and burdensome. Such "unfocused fishing expeditions" are discouraged by Federal Rule of Civil Procedure 26(b) and by Local Rule 26(f), which requires that "discovery requests…should be reasonably targeted, clear, and as specific as possible."

Local Rules W.D. Wash. CR 26(f). *See Defreitas v. Tillinghast*, 2013 WL 209277, at *3 (W.D. Wash. 2013). Where the relevance of the requested information is low, avoiding the harm that comes with the burden of overbroad discovery "constitutes 'good cause' for a protective order." *Id.* The Court accordingly GRANTS the motion for protective order for non-parties Warner Bros., Fox, Sony, and Allied with respect to document request No.'s 2, 3, 4, and 5(a) to the extent that the requests are not targeted toward the non-parties' relationships with ZPI or contacts with the State of Washington. The Court DENIES the motion for protective order with respect to request No. 1 and No. 5(b). Plaintiff may proceed with requests for contracts and agreements between non-parties and ZPI, for contracts and agreements concerning sales and distribution of Zorro-related products and services in or specifically directed toward Washington, and for total annual sales of Zorro-related products or services specifically within Washington. With respect to Plaintiff's subpoena served on non-party Allende, the Court DENIES the motion for protective order with respect to document request No. 1 and request No.'s 2(c) and 2(d), as these requests relate to Allende's relationship to ZPI and sales specifically in Washington. The Court GRANTS the motion for protective order with respect to request No.'s 2(a) and 2(b), as well as request No. 3 regarding movies based on Allende's book to the extent that Plaintiff requests contracts of agreements that do not involve ZPI or Washington-based production, licensing, or distribution.

## C.  Attorneys' Eyes Only (AEO) Designation

In the event that the Court denies the non-parties full relief from subpoena requests, ZPI requests a two-tiered protective order that allows Defendants to designate highly confidential documents "Attorneys Eyes' Only." Pursuant to Local Rule 26(c)(2), ZPI has submitted a redlined version of its proposed protective order. Dkt. # 33, Ex. G. The proposed order seeks a designation of AEO for all documents that contain commercially sensitive information, including "any trade secret or other confidential research, design, development, or commercial information," and specifically for "information regarding ZPI's licenses," including their terms and associated revenues. Dkt. # 33-1, p. 32. Because the Court grants in part and denies in part ZPI's motion to relieve non-parties from document requests, a two-tiered protective order is appropriate. *See DeFreitas*, 2013 WL 209277, at *4.

A Court may enter a protective order providing "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit recognizes that district courts have great flexibility to protect documents that contain confidential or commercially sensitive information. *Id. See also, Phillips ex rel. Estate of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)("The law…gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development or commercial information."). The district court has broad discretion to determine the appropriate degree of protection. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  The moving party bears the burden of demonstrating that "good cause" exists for a protective order to shield the subpoenaed party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Court finds that ZPI has carried its burden of demonstrating good cause for the Court to enter ZPI's proposed two-tiered protective order for the limited purpose of jurisdictional discovery designating the specified highly confidential materials to be viewed only by attorneys working in this action and their designated employees and by persons connected with the Court. As Plaintiff seeks to compete with ZPI in licensing Zorro-related intellectual property, an AEO designation for confidential license agreements and other sensitive business documents is warranted to shield Defendants from the specific harm of providing proprietary information to a competitor. *See UCC Ueshima Coffee Co., Ltd. v. Tully's Coffee Corp.*, 2007 WL 710092, at *2 (W.D. Wash. 2007). Plaintiff alleges that he will suffer "extreme prejudice" if he is unable to personally view the designated materials. The Court finds that Mr. Cabell has not established that restricting disclosure of the designated confidential and commercially sensitive information to his attorneys will prejudice his ability to demonstrate personal jurisdiction over Defendant. *See Id.* (explaining that non-moving party's failure to demonstrate that AEO designations would prejudice its case weighed in favor of granting protective order). The Court accordingly finds that the potential harms to ZPI associated with unprotected disclosure of the designation information outweigh the unlikely benefits to Mr. Cabell of personally viewing sensitive business information in order to establish personal jurisdiction. The Court expects the parties to both

1  use and challenge AEO designations sparingly and only where necessary in order to minimize onerous

2  litigation.

3                                  **IV. Conclusion**

4        As set forth above, it is hereby ORDERED that defendant ZPI's motion for protective order to

5  shield the five subpoenaed non-parties from disclosure is GRANTED in part as to documentary

6  requests that do not pertain to the subpoenaed non-parties' relationships with ZPI or to contacts with

7  the State of Washington, including through licensing and distribution agreements and sales. It is

8  FURTHER ORDERED that ZPI's proposed two-tiered protective order set forth at Dkt. # 33, Ex. G

9  and allowing for the designation of specified highly confidential and commercially sensitive materials

10  as Attorneys' Eyes Only is ENTERED as to jurisdictional discovery and incorporated by reference. The

    remaining portions of ZPI's motion for protective order are DENIED.

11

12        Dated this 2nd day of October 2013.

13

14

15                                    RICARDO S. MARTINEZ

16                                    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26  ORDER ON ZORRO PRODUCTIONS, INC.'S MOTION FOR A PROTECTIVE ORDER - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26