UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT W CABELL,<br><br>    Plaintiff,<br><br>v.<br><br>ZORRO PRODUCTIONS INC., et al.,<br><br>    Defendants. | Case No. 5:15-cv-00771-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 101, 105 |

This action for copyright infringement and related claims was filed by Plaintiff Robert W. Cabell ("Plaintiff") against Defendants Zorro Productions, Inc. ("ZPI"), that company's owner John Gertz, and a Netherlands company, Stage Entertainment Licensed Productions ("SELP"), in relation to a musical Plaintiff published based on the fictional character "Zorro." Presently before the court are two matters: (1) Plaintiff's Motion for Leave to File a Second Amended and Supplemental Complaint (Dkt. No. 105), and (2) a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and forum non conveniens filed by ZPI and Gertz (Dkt. No. 101).

Having reviewed the pleadings submitted by both parties, the court has determined that Plaintiff is entitled to amend his complaint. Thus, his motion will be granted and the Motion to Dismiss will be denied without prejudice for the reasons explained below.

### I. BACKGROUND

#### A. Factual Allegations

The character "Zorro" is a familiar one to most people. He is "well-known as the masked

1

Case No.: 5:15-cv-00771-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

outlaw who defends the public against tyrannical officials and other villains." First Am. Compl. ("FAC"), Dkt. No. 8, at 1:25-2:1. "Zorro" is the secret identity of Don Diego de la Vega, a Spanish nobleman, who transforms into the freedom fighter by wearing a black cape or cloak, a black sombrero, and a black mask that covers the top of his head from eye level upwards. Id. at ¶ 8. And as a fictional character, "Zorro" has been around for a while; the first "Zorro" story was written in 1919 by Johnston McCulley, and the first movie featuring the character was made in 1920 by Douglas Fairbanks, Sr. Id. at ¶¶ 7, 9. Based on this history, Plaintiff alleges that any copyright interest in the works of McCulley and Fairbanks expired in 1975 and 1976 respectively. Id. at ¶¶ 10, 11.

In 1996, Plaintiff published a musical entitled "Z - The Musical of Zorro" based "expressly" on McCulley's 1919 story and Fairbanks' 1920 movie. Id. at ¶ 13. Zorro is portrayed in Plaintiff's musical as "a masked avenger leading a double life, donned in a black mask, black sombrero, black cape, and with a sword and whip." Id. at ¶ 14. The musical was initially released on audio cassette and then CD format, and a stage production premiered in Eugene, Oregon in 2000. Id. at ¶ 19. Plaintiff has registered his original and revised scripts and the audio versions with the U.S. Copyright Office, and his copyright interest "extends only to the original, novel elements of his work and do not include those elements present in any Zorro works that were in the public domain as of 1996." Id. at ¶¶ 16-18.

Plaintiff alleges that ZPI, despite knowing that any copyright interest in Zorro expired, has for years falsely asserted that it owns worldwide trademarks and copyrights in the name and visual likeness of Zorro. Id. at ¶¶ 20, 21. To that end, Plaintiff alleges that ZPI obtained several registered trademarks from 1987 to 1997, concerning the use of the word mark "ZORRO" in story and comic books, television shows, videos featuring music and entertainment, and theater productions. Id. at ¶¶ 26-31. In addition, Plaintiff alleges that ZPI has unsuccessfully asserted copyright and trademark infringement claims concerning Zorro in a prior federal court action. Id. at ¶¶ 23-24.

2
Case No.: 5:15-cv-00771-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

Plaintiff alleges his script and audio performances were successful, and his musical was "poised to become a Broadway hit." Id. at ¶ 33. By 2001, he had retained a well-known choreographer and producer in anticipation of a Broadway production, and engaged the William Morris agency to represent his interess in relation to the musical. Id. at ¶ 34. Plaintiff alleges, however, that the producer and the William Morris agency were approached by Defendants and told that any performance of Plaintiff's musical would require licenses from Defendants, and any unauthorized production would result in litigation. Id. at ¶35. As a result of Defendants' contact, the producer and the William Morris agency ceased work on Plaintiff's behalf and his musical did not appear on Broadway. Id. at ¶ 36. Plaintiff alleges that Defendants have also approached and discouraged other third parties from London, Brazil and Japan from producing Plaintiff's musical. Id. at ¶ 37.

Plaintiff licensed his Zorro musical to affiliates in Germany so that it could be performed at the Clingenburg Festival in June, 2013, and spent significant time and money promoting the production. Id. at ¶ 38. However, Plaintiff alleges that on February 20, 2013, Gertz sent an email to the director of the festival, falsely claiming that ZPI owned all right, title and interest in Zorro. Id. at ¶ 39. Gertz also stated that Plaintiff's musical has never been produced professionally and infringes ZPI's copyrights and trademarks, and he urged the director to "avoid an inevitable lawsuit" by refusing to produce Plaintiff's musical and instead produce ZPI's musical version of Zorro. Id. A similar letter was sent the next day to the festival's director from ZPI's general counsel, and another email insinuating legal action was sent by SELP's general manager to the festival's legal counsel on February 22, 2013. Id. at ¶¶ 40, 41.

Furthermore, Plaintiff alleges ZPI's general counsel contacted another production company in Germany who had licensed Plaintiff's musical and made the same representations it made to the festival organizers, as well as others that Plaintiff considers false. Id. at ¶¶ 44-48. Plaintiff alleges the "real purpose" of these communications was to convince the licensees in Germany to cancel the production of Plaintiff's musical so that ZPI's musical could be produced in its place. Id. at ¶

3

42-43.

Additionally, Plaintiff alleges that ZPI financed and holds a copyright interest in a 2005 book entitled "Zorro," which copies original and novel material from Plaintiff's script. Id. at ¶ 49-50. Defendants have since produced a musical based on the book, which has been performed in various jurisdictions. Id. at ¶ 51.

### B. Procedural Background

On March 13, 2013, Plaintiff filed a Complaint against ZPI, Gertz and SELP in the United States District Court for the Western District of Washington. He filed the FAC on April 8, 2013, asserting the following claims: (1) copyright infringement, (2) declaratory judgment of non-infringement, (3) preliminary and permanent injunctive relief, (4) cancellation of federal trademark registration, (5) tortious interference with contract and business expectancy, (6) fraud, and (7) violation of Consumer Protection Act. SELP was dismissed on September 23, 2013. Dkt. No. 51.

On March 16, 2013, ZPI and Gertz moved to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and under the doctrine of forum non conveniens. Dkt. No. 20. After Plaintiff conducted early discovery on personal jurisdiction, the court granted the 12(b)(2) motion, dismissed the action with respect to ZPI and Gertz, and entered judgment in their favor. Dkt. Nos. 71, 72. In response, Plaintiff moved the court to reconsider the dismissal. Dkt. Nos. 73. The court did so, reinstated the claims against ZPI and Gertz, and transferred the action to this court. Dkt. No. 84. The instant motions followed once the case was transferred.

### II. LEGAL STANDARD

Plaintiff's motion for leave to file an amended complaint is governed by Federal Rule of Civil Procedure 15(a), which instructs courts to permit leave to amend with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice,

4

Case No.: 5:15-cv-00771-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). But in light of Rule 15's mandate, the examination of these factors is generally performed "with all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999).

The motion for leave to file a supplemental complaint is governed by Federal Rule of Civil Procedure 15(d). Pursuant to that section, the court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The same factors relevant to a Rule 15(a) are generally considered on a Rule 15(d) motion (Yates v. Auto City 76, 299 F.R.D. 611, 614 (N.D. Cal. 2013)), keeping in mind that "[t]he purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1057 (9th Cir. 1981).

For both Rules 15(a) and 15(d), "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27, 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

**III.   DISCUSSION**

At issue is whether Plaintiff to should be permitted leave to file a Second Amended and Supplemental Complaint under the standard articulated above.

According to Plaintiff, the purpose of his amended pleading is to address many of the issues raised by ZPI and Gertz in their motion to dismiss. Specifically, the amended pleading eliminates the Consumer Protect Act claim under Washington state law and eliminates the claim for injunctive relief, removes SELP as a defendant, adds factual allegations to the claim for

5

Case No.: 5:15-cv-00771-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

copyright infringement, adds factual allegations in response to the argument that the trademark cancellation claims are barred by laches, and adds factual allegations describing the domestic conduct of ZPI and Gertz in response to the forum non conveniens argument.

For their part, ZPI and Gertz argue the proposed amendments are prejudicial to them because it would cause their dismissal motion to be again delayed. In support of this contention, ZPI and Gertz point out that the currently pending motion to dismiss is the second one they have filed challenging the complaint for failure to state a claim and for forum non conveniens. Indeed, as indicated above, the Western District of Washington did not address those issues before it transferred the case to this court. Additionally, ZPI and Gertz find it prejudicial that Plaintiff did not file this motion until after they had already moved, again, to dismiss the complaint.

ZPI and Gertz also argue that Plaintiff's proposed amendments are futile because they "fail to rectify the forum non conveniens and Rule 12(b)(6) problems of the FAC," which problems they surmise the court would take up before entertaining the instant motion.

The arguments of Gertz and ZPI reveal their understandable frustration with the manner in which this case was commenced and then litigated in one district court, but then transferred to another district court where they were forced to essentially restart their defense. Such frustration, however, cannot be equated with the sort of prejudice that defeats a Rule 15 motion, particularly when this case remains at an early stage of litigation. Issues of prejudice that arise when a motion to amend comes after significant discovery has been undertaken, or when the case is approaching the expiration of case management deadlines, are not implicated here. See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951-54 (9th Cir. 2006); see also Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989) ("Prejudice is heightened when a Plaintiff seeks to amend a complaint late in litigation."). Moreover, the court observes that ordinary delay, like the type identified by ZPI and Gertz here, "is insufficient to justify denial of leave to amend." Jones v. Bates, 127 F.3d 839, 847 n.8 (9th Cir. 1997).

The futility argument is similarly unpersuasive for two reasons. First, the potential

6
Case No.: 5:15-cv-00771-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

procedural inefficiency arising from the order of rulings did not materialize. Second, nowhere in their opposition brief do ZPI and Gertz explain why Plaintiff's amendments fail to address the issues raised in the motion to dismiss. Consequently, their unsupported conclusion is rejected as a reason to deny the motion.

In sum, nothing presented by ZPI and Gertz suggests that Plaintiff seeks to amend in bad faith, or that his proposed amendments are futile or will cause undue prejudice or delay. Accordingly, the court will permit Plaintiff to file the Second Amended and Supplemental complaint.

## IV.  ORDER

Based on the foregoing, Plaintiff's Motion for Leave to File a Second Amended and Supplemental Complaint (Dkt. No. 105) is GRANTED. Plaintiff shall file the amended pleading as a separate docket entry within 3 days of the date this order is filed.

In light of this ruling, and because the amendments may affect the continued availability of arguments in favor of dismissal, the Motion to Dismiss (Dkt. No. 101) is DENIED WITHOUT PREJUDICE.

The court schedules a Case Management Conference for **10:00 a.m. on November 17, 2016**. The parties shall file an updated Joint Case Management Conference Statement on or before **November 10, 2016**.

**IT IS SO ORDERED.**

Dated: September 23, 2016

EDWARD J. DAVILA
United States District Judge