UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W CABELL,<br><br>Plaintiff,<br><br>v.<br><br>ZORRO PRODUCTIONS INC., et al.,<br><br>Defendants. | Case No.15-cv-00771-EJD  (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2**<br><br>Re: Dkt. Nos. 140, 169 |

Plaintiff Robert W. Cabell ("Cabell") requests that the court enter a two-tiered protective order providing him with limited access to "Highly Confidential—Attorneys' Eyes Only" documents. Dkt. No. 140. This access is necessary, he asserts, because these documents are "critical to him making informed decisions regarding litigation and settlement." *Id.* Defendants Zorro Productions, Inc. and John Gertz (together, "ZPI") request that the court enter a protective order precluding Cabell from accessing Attorneys' Eyes Only material, arguing that disclosure to Cabell, a competitor of ZPI, would result in giving Cabell an unfair competitive advantage. *Id.* ZPI also argues that this issue has already been decided in its favor earlier in this litigation, but Cabell responds that the earlier protective order was limited to jurisdictional discovery. *Id.*

For good cause, the court may issue an order protecting a party from "undue burden or expense" by requiring that confidential information "not be revealed or be revealed only in a specific way[.]" Fed. R. Civ. P. 26(c)(1). In determining whether a protective order is warranted, the court must weigh one party's need for the information against the other party's interest in protection from undue burden, which could include competitive harm from disclosure. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). When reviewing which individuals will be permitted access to documents pursuant to a protective order, courts consider whether the individuals seeking access participate in making competitive decisions. *Id.*, at 1470-

71; *Intervet, Inc. v. Merial Ltd.*, 241 F.R.D. 55, 59 (D.D.C. 2007) (permitting disclosure to an individual who was not a competitive decision-maker); *Westbrook v. Sciara & Son Produce Co., Inc.*, No. 07-2657 Ma/P, 2008 WL 839745 (W.D. Tenn. Mar. 27, 2008) ("In general, courts utilize 'attorneys' eyes only' protective orders when especially sensitive information is at issue or the information is to be provided to a competitor.").

Plaintiff's Second Amended Complaint alleges that both Plaintiff and Defendants have interests in producing and promoting, directly or through licenses, musicals involving the fictional character Zorro. Dkt. No. 105. This suggests that Cabell competes with Defendants. Defendants further contend that disclosure of their confidential information—including information related to licenses and contracts—to Cabell would be "especially damaging," in that it would give Cabell an unfair competitive advantage or enable him to disrupt Defendants' relations with licensees. Dkt. No. 34, ¶¶ 7, 8.

The court is not persuaded by Cabell's argument that entering a two-tiered protective order of the sort requested by Defendants—which is based on the court's model order—would prejudice him by ceding his ability to participate in making decisions in the litigation entirely to his counsel. If this argument were persuasive, the court would never enter protective orders barring parties from viewing the highly confidential information of their competitors. The court also observes that the parties' proposed protective order prohibits the indiscriminate designation of documents and permits challenges to the designation of documents.

The court therefore agrees with Defendants that a protective order precluding Cabell from accessing "Highly Confidential—Attorneys' Eyes Only" documents is appropriate. The court will enter a protective order, modified to comply with the undersigned's Standing Order re: Civil Discovery Disputes, following the entry of this order.

**IT IS SO ORDERED.**

Dated: 7/5/2017

HOWARD R. LLOYD
United States Magistrate Judge