1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    ROBERT W CABELL,                           Case No.15-cv-00771-EJD   (VKD)

9            Plaintiff,

10           v.                                  **ORDER DENYING MOTION TO
                                                 QUASH**

11   ZORRO PRODUCTIONS INC., et al.,             Re: Dkt. No. 237

12           Defendants.

13

14          Before the Court is non-party Rickie Roberts's Motion of Nonparty to Quash Subpoena.

15   The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule

16   7-1(b).  Having considered the papers filed by the parties, and for the reasons set forth below, the

17   Court **DENIES** Ms. Roberts's Motion to Quash.

18          **I.       BACKGROUND**

19          Plaintiff Robert Cabell has sued defendants Zorro Productions Inc. ("ZPI") and ZPI's

20   owner John Gertz (collectively, "ZPI Defendants") for, among other things, copyright

21   infringement of his musical based on Zorro and tortious interference with contract and business

22   expectancy.  Dkt. No. 119.  The parties cross-moved for early partial summary judgment of

23   noninfringement of each other's works.  Dkt. Nos. 185, 195.  The Court granted partial summary

24   judgment for Mr. Cabell, and granted-in-part and denied-in-part partial summary judgment for the

25   ZPI Defendants, noting in particular that a triable issue of fact remained as to whether the authors

26   of the ZPI Defendants' accused works had access to Mr. Cabell's works.  Dkt. No. 234 at 13–17.

27
28

1      At the end of May 2018[1], following Mr. Cabell's deposition, the ZPI Defendants learned

2  that Ms. Roberts may have played a role in providing ZPI access to Mr. Cabell's copyrighted

3  work. Dkt. No. 239 at 8 ¶ 7. Mr. Cabell did not identify Ms. Roberts in his Rule 26 initial

4  disclosures, and Ms. Roberts did not submit a declaration in support of Mr. Cabell's motion for

5  partial summary judgment. *Id.* The ZPI Defendants contacted Ms. Roberts sometime in late May

6  2018 and secured her agreement to be deposed in New York, NY on June 12, 2018. *Id.* at 7 ¶ 4.

7      The ZPI Defendants claim to have been unaware at the time they spoke with Ms. Roberts

8  that Mr. Cabell's counsel also represented her. *Id.* But on May 30, defense counsel emailed Ms.

9  Roberts's counsel to request that they accept service of the subpoena on her behalf. Dkt. No. 239-

10  3 at 4. Ms. Roberts's counsel declined to accept service, and the ZPI Defendants then personally

11  served Ms. Roberts on May 31, 2018 with a subpoena for her deposition. *Id.* at 3–4; Dkt. No. 239-

12  2. The subpoena stated a location in Philadelphia, PA, approximately 15 miles from Ms.

13  Roberts's residence. Dkt. No. 239-2; Dkt. No. 239 at 7 ¶ 5.

14      On June 1, Ms. Roberts's counsel informed the ZPI Defendants that Ms. Roberts would not

15  go forward with the June 12 deposition because counsel was not available on that date. Dkt. No.

16  239-3 at 3–4; Dkt. No. 237-1 at 2. The ZPI Defendants requested that Ms. Roberts provide

17  alternate dates on which she would be available, but Ms. Roberts did not do so and instead stated

18  her intention to file this motion to quash. Dkt. No. 239-3 at 1–2. Ms. Roberts filed her motion to

19  quash in the Eastern District of Pennsylvania, and that court transferred the motion to this district

20  on June 13, 2018. Dkt. Nos. 237, 238. Fact discovery closed on June 15. Dkt. No. 221.

21  **II.    LEGAL STANDARD**

22      Under the Federal Rules of Civil Procedure, a party may discover any matter that is

23  relevant to a claim or defense and that is "proportional to the needs of case, considering the

24

25  [1] Counsel for the ZPI Defendants submitted a declaration stating that he called Ms. Roberts on May 24, 2018 to schedule her deposition. Dkt. No. 239 at 7 ¶ 4. However, counsel also attests

26  that the ZPI Defendants did not learn of Ms. Roberts's potential importance to the case until May 28, 2018. *Id.* at 8 ¶ 7. If the ZPI Defendants did not know about Ms. Roberts's importance until

27  May 28, it is not clear why they would call her to schedule a deposition four days earlier on May 24. Nevertheless, the Court is satisfied that the ZPI Defendants acted promptly to contact Ms.

28  Roberts once they realized she possessed information relevant to this matter, and that Ms. Roberts had adequate advance notice of her deposition.

2

1    importance of the issues at stake in the action, the amount in controversy, the parties' relative

2    access to relevant information, the parties' resources, the importance of the discovery in resolving

3    the issues, and whether the burden or expense of the proposed discovery outweighs its likely

4    benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be

5    discoverable. *Id.*

6    　　　　Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45

7    provides, among other things, that a party may command a non-party to testify at a deposition.

8    Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same

9    as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile*

10   *Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016)

11   (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)).

12   　　　　A party may move to quash or modify a subpoena under Rule 45(d)(3)(A) if it: (1) fails to

13   allow a reasonable time to comply, (2) requires a person to comply beyond the geographical limits

14   specified in Rule 45(c), (3) requires disclosure of privileged or other protected matter, if no

15   exception or waiver applies, or (4) subjects a person to undue burden. "The Ninth Circuit has long

16   held that nonparties subject to discovery requests deserve extra protection from the courts."

17   *Lemberg Law LLC v. Hussin*, No. 3:16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June

18   13, 2016) (quotation omitted); *see United States v. C.B.S.*, Inc., 666 F.2d 364, 371 (9th Cir. 1982)

19   ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should

20   not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a

21   party."). Courts in this district have consequently held that "[o]n a motion to quash a subpoena,

22   the moving party has the burden of persuasion . . . , but the party issuing the subpoena must

23   demonstrate that the discovery sought is relevant." *Chevron Corp. v. Donziger*, No. 3:12-mc-

24   80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also*

25   *Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL 1477651, at

26   *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the

27   information sought is relevant and material to the allegations and claims at issue in the

28   proceedings.") (quotation omitted).

3

**III.    DISCUSSION**

In light of the Court's order on the parties' cross-motions for partial summary judgment, which found genuine issues of material fact concerning access to the copyrighted work, the Court finds that the ZPI Defendants have adequately demonstrated the relevance of Ms. Roberts's knowledge regarding access and their need to investigate her knowledge for purposes of preparing their case.

Moreover, Ms. Roberts's reasons for seeking to quash her deposition subpoena are not compelling.  Her only objection appears to be that the subpoena did not provide a reasonable time for compliance, because there were only six business days between the issuance of the subpoena and the deposition date.  Dkt. No. 237-1 at 1.  But Ms. Roberts initially agreed at the end of May to a deposition on June 12, giving her at least two weeks' informal notice.  Dkt. No. 239 at 7 ¶ 4.  Ms. Roberts's counsel was aware that she had agreed to a June 12 deposition at least as early as May 30, when the ZPI Defendants requested that they accept service of the subpoena on her behalf.  Dkt. No. 239-3 at 4.

The ZPI Defendants personally served Ms. Roberts with the subpoena on May 31, giving her 12 days to comply.  DKt. No. 239-2.  Under the circumstances, Ms. Roberts had sufficient notice.  *See* O'Connell & Stevenson, Rutter Group Prac. Guide: Federal Civil Pro. Before Trial ¶ 11:2277 (The Rutter Group 2018) ("Service of subpoenas at least 10 days before the deposition or production is customary, but not mandatory.  The provisions of Rule 45 dealing with objections to a subpoena specifically contemplate that less than 14-day service may be proper . . . .") (internal citation omitted).

Ms. Roberts points to the fact that her counsel is based in New Orleans, LA and was required to travel to different parts of the country to take depositions between June 4 and June 11, leaving no time to adequately prepare her for a deposition on June 12.  Dkt. No. 237-1 at 2.  The issue of counsel's availability likely could have been resolved had counsel for Ms. Roberts promptly conferred with counsel for the ZPI Defendants regarding an alternative date for Ms. Roberts's deposition.  Ms. Roberts's counsel failed to so confer.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Roberts's Motion of Nonparty to Quash Subpoena.  Ms. Roberts and the ZPI Defendants are **ORDERED** to meet and confer immediately, and in no event later than June 20, 2018, to finalize a date and location (within 100 miles of her residence) for Ms. Roberts's deposition, which must occur on or before July 3, 2018.

**IT IS SO ORDERED.**

Dated: June 18, 2018

_Virginia K. DeMarchi_
VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

5